IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA MURRAY,

          Plaintiff,

vs.                                                                      Case No. 06-1015-JTM

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

MEMORANDUM AND ORDER

      Plaintiff Sara Murray has brought the present claim seeking disability insurance and supplemental security income benefits under 42 U.S.C. §§ 401 and 1381. Murray alleges that she was disabled on March 19, 1995, when she became 18 years old.

      The defendant has moved for an order reversing the decision of the Administrative Law Judge and remanding of the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The plaintiff opposes the remand as unnecessary. The court hereby reverses the decision of the Commissioner and remands the matter for further consideration by the ALJ.

      Having reviewed the record, the court cannot state that additional fact finding would serve no useful purpose. *Higgins v. Barnhart*, 294 F.Supp.2d 1206, 1215 (D. Kan. 2003). Although the resulting delay in reaching the ultimate resolution of Murray's claim is unfortunate, the court cannot find that this alone would justify denying the motion for remand. There remain substantial errors in the ALJ's opinion which must be redressed, and these errors cannot justify


an award of benefits. On remand, the ALJ must reevaluate the medical source evidence, including the and obtain the services of a mental health medical expert. Further, the ALJ must evaluate the credibility of claimant, family members, friends, and former employers in accordance with Social Security Ruling (SSR) 96-7p, provide a new residual functional capacity for Murray, and make a new step five decision, consulting with a vocational expert to clarify the effects of the assessed limitations on the occupational base and to consider the claimant's inability to drive or use public transportation in accordance with *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Finally, the ALJ must make these assessments in an opinion which articulates how the evidence supports the conclusions rendered.

IT IS ACCORDINGLY ORDERED this 20th day of March, 2007, that the defendant's Motion to Reverse and Remand (Dkt. No.12) is granted, and the clerk is accordingly directly to enter a final judgment pursuant to Fed. R. Civ .Pr. 58 reflecting his finding.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE